UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Greif, Inc.,

        Plaintiffs,

vs.

Gary M. Corte

        Defendant.

Case No. C2-08-509

Judge SARGUS

### ~~PROPOSED~~ (EAS) ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to S.D. Ohio Civ. R. 65.1, this Court held a status conference on Plaintiff's Motion for a Temporary Restraining Order. For the reasons stated at that hearing, and for good cause shown, pursuant to Federal Rule of Civil Procedure 65, Plaintiff Greif Inc. is entitled to a temporary restraining order against Defendant Gary Corte ("Corte"). Therefore it is hereby ordered:

1. Corte be temporarily restrained and preliminarily enjoined [to the extent he seeks new business] pursuant to the non-competition covenants of his employment agreement. Namely, Corte should be temporarily restrained and preliminarily enjoined from (a) competing in the container board business, which includes the manufacture and sale of corrugated products and packaging materials [subject to the interlineation above]; (b) rendering any advice, services or otherwise assisting any other person or entity engaged in the above mentioned business operations; and (c) inducing any Greif employee to leave his or her employment, and/or hiring, employing, or working in concert with any current or former Greif employees. These restriction shall apply in the states of Ohio and Michigan.

[Handwritten margin notes: after the date + time of this order, he shall cease solicitation of new customers but may not (by EAS) seek new customers or new orders. This applies to any person acting in concert with the defendant.]

1

2. Corte be temporarily restrained and preliminarily enjoined from violating his employment agreement through the use and disclosure of confidential business information or trade secrets of Greif for purposes not connected to his employment with Greif.

3. Corte be temporarily restrained and preliminarily enjoined from misappropriating Greif's trade secrets through the solicitation of, doing business with, or designing and manufacturing of products for any current or former Greif customer.

Greif is entitled to such relief because Gary Corte has caused, and absent this temporary restraining order, will continue to cause Greif permanent and irreparable harm including, but not limited to, the loss of proprietary information and trade secrets, and damage to Greif's name, goodwill, customer relationships, and other commercial interests. Reasonable bond, to be paid by Greif, shall be set at $1,000.00 due to Greif's likelihood of success on the merits.

A hearing on Plaintiff's motion for preliminary injunction is scheduled for _June 4th_, at _10:00_ Pursuant to Fed. R. Civ. P. 65(a)(2), the hearing on the merits of Plaintiff's claims for injunctive relief is consolidated with the hearing on Plaintiff's motion for preliminary injunction.

It is so ORDERED.

_____
JUDGE, UNITED STATES DISTRICT COURT

_5-23-2008_
Date

2